UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN WILSON,                                    Case No. 1:03-CV-29

          Petitioner,                              Hon. Richard Alan Enslen

   v.

KENNETH MCKEE,
                                                  **<u>ORDER</u>**
          Respondent.
_____/

      This matter is before the Court on Petitioner Nathan Wilson's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b), which essentially alleges that dismissal of his habeas corpus petition was erroneous. In *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), the Supreme Court considered whether Rule 60(b) motions may constitute an application for writ of habeas corpus and therefore be subject to § 2244. "As a textual matter, § 2244(b) applies only where the courts act pursuant to a prisoner's 'application' for a writ of habeas corpus." *Calderon v. Thompson*, 523 U.S. 538, 554 (1998). Under § 2244(b), the first step of the analysis is to determine whether a "claim presented in a second or successive habeas corpus application" was also "presented in a prior application." *Gonzalez*, 545 U.S. at 530 (quoting 28 U.S.C. § 2244). If the claim was presented in a prior application, it must be dismissed.

      A "claim," as used in § 2244(b), "is an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530. The Supreme Court found that a Rule 60(b) motion, in some instances, may contain one or more "claims" as the term is used in § 2244(b). *Id.*

A motion can be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*,[1] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532; *see also In re Naylor*, 487 F.3d 1018, 1022 (6th Cir. 2007); *United States v. Carter*, 500 F.3d 486, 489 (6th Cir. 2007). "A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Gonzalez*, 545 U.S. at 531; *Naylor*, 487 F.3d at 1022. Accordingly, Rule 60(b) motions cannot be used to circumvent the requirements of § 2244(b). *Gonzalez*, 545 U.S. at 531.

In this case, Petitioner directly alleges previous "claims" contained in his habeas corpus petition, which were decided on the merits, were erroneously denied. Although Petitioner's claims are brought under the guise of a Rule 60(b) motion, this is indistinguishable from an application for habeas relief because he seeks relief on the merits as opposed to alleging a procedural defect in the habeas proceedings. *See id.* at 532. Thus, Petitioner's Rule 60(b) claims must proceed in accordance with § 2244. A successive § 2254 motion must be certified by the Sixth Circuit in the manner provided for by § 2244, which provides that "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §

---

[1] The term "on the merits" has multiple usages. *See, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501–03 (2001). In the present context, the Supreme Court refers to a determination of whether grounds exist "entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim." *Gonzalez*, 545 U.S. at 532 n.4.

2244(b)(3)(A). Therefore, the Court is required to transfer Petitioner's Motion for Relief from Judgment to the Sixth Circuit to facilitate this determination.[2] *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

THEREFORE, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 1631, the Clerk shall transfer Petitioner Nathan Wilson's Motion for Relief from Judgment (Dkt. No. 70, Ex. 2) to the Sixth Circuit Court of Appeals for review under 28 U.S.C. § 2254 and *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

IT IS FURTHER ORDERED that Petitioner's Motion to Show Good Cause for Filing Late in Support of Motion for Relief from Judgment (Dkt. No. 70) is DENIED as moot.

IT IS FURTHER ORDERED that Petitioner's Request for an Evidentiary Hearing in Support of Petitioner's Motion for Relief from Judgment (Dkt. No. 71) is DENIED as moot.

IT IS FURTHER ORDERED that Petitioner's Petition for Discovery Sought [sic] a Court Order to Perform a DNA Chemical Drug Test on the Victim's Collected Blood Sample for the

---

[2]Since Petitioner's self-described Rule 60(b) Motion is really a successive habeas petition, three other motions pending before the Court are moot. To wit, Petitioner's Motion to Show Good Cause for Filing Late in Support of Motion for Relief from Judgment, Petitioner's Request for an Evidentiary Hearing in Support of Petitioner's Motion for Relief from Judgment, and Petitioner's Petition for Discovery Sought [sic] a Court Order to Perform a DNA Chemical Drug Test on the Victim's Collected Blood Sample for the Substance of Cocaine, in Support F [sic] Petitioner's Motion for Relief from Judgment. If Petitioner still seeks the discovery requested in the latter motion, he may refile said motion in the Sixth Circuit. Since no action is pending before this Court, but rather in the Sixth Circuit, Petitioner's discovery request is premature making relief improper under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. *Cf. Porter v. Berghuis*, No. 1:07-cv-781, 2008 WL 619397, at *1 (W.D. Mich. Mar. 4, 2008) (finding the petitioner's discovery motion premature); *King v. Howes*, No. 2:06-CV-14986, 2007 WL 2875247, at *2 (E.D. Mich. Sept. 28, 2007) (same). Lastly, the only other motion pending before the Court, Petitioner's Motion to Proceed *In Forma Pauperis*, is unnecessary since Petitioner was previously granted pauper status on May 3, 2004.

Substance of Cocaine, in Support F [sic] Petitioner's Motion for Relief from Judgment (Dkt. No. 74)

is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that Petitioner's Motion to Proceed *In Forma Pauperis* (Dkt.

No. 70, Ex. 3) is **DENIED** as unnecessary.

/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:       RICHARD ALAN ENSLEN
    June 2, 2008           SENIOR UNITED STATES DISTRICT JUDGE